IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CV-484-FL

| | | |
|---|---|---|
| GLORIA J. ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| PACIFIC COAST FEATHER COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court on the motion (D.E. 42) by defendant Pacific Coast Feather Company ("defendant") for the issuance of a subpoena duces tecum for medical records to three nonparties, pursuant to Rule 45(a) of the Federal Rules of Civil Procedure. Defendant has filed a memorandum (D.E. 43) in support of its motion. Plaintiff Gloria Allen ("plaintiff") has filed a response (D.E. 44) in opposition. The motion has been referred to the undersigned for disposition pursuant to 28 U.S.C. §636(b)(1)(A). (*See* Minute Entry after D.E. 44). For the reasons and on the terms set forth below, the motion will be allowed.

## BACKGROUND

Plaintiff commenced this employment discrimination action on 5 November 2010. (Compl. (D.E. 1)). In her complaint, she alleges that she was employed as a sewer for defendant, which is in the business of manufacturing pillows and bedding, from 28 July 2008 until 3 August 2009. (*Id.* ¶¶ 11, 23, 150). She claims that she suffered from symptoms of carpal tunnel syndrome caused by her sewing. (*Id.* ¶ 42). She earned both an hourly rate of pay and production pay, which was based on the amount the department in which she worked produced above its goals. (*Id.* ¶ 30).

Plaintiff further alleges that for the pay period from 5 July 2009 until 18 July 2009, she worked 120 hours and received no production pay. (*Id.* ¶¶ 57, 61). She questioned defendant and also contacted the North Carolina Department of Labor about the nonpayment. (*Id.* ¶¶ 63, 65, 71, 78). On 27 July 2009, plaintiff saw her physician for pain in her hands, who advised her to remain out of work for a short period of time. (*Id.* ¶ 116). When plaintiff returned to work from this medical-related absence on 3 August 2009, she was terminated, allegedly for her absences. (*Id.* ¶¶ 145, 149, 151).

In her complaint, plaintiff contends that defendant unlawfully retaliated against her in violation of the Retaliatory Employment Discrimination Act, N.C. Gen. Stat. § 95-240 *et seq.* ("REDA") (Compl. ¶¶ 171-182); wrongfully terminated her in violation of public policy (*id.* ¶¶ 183-188); and wrongfully deprived her of benefits to which she was entitled pursuant to the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.* (Compl. ¶¶ 189-214). Defendant denies the material allegations in plaintiff's complaint. (*See generally* Ans. (D.E. 17)).

## DISCUSSION

### I. APPLICABLE LEGAL STANDARDS

The Federal Civil Rules enable parties to obtain information by serving requests for discovery, including the issuance of subpoenas. *See generally* Fed. R. Civ. P. 26-37, 45. Rule 34 authorizes a party to issue subpoenas to nonparties. Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."). Rule 45 outlines the procedure for issuing subpoenas and directs a nonparty to respond as requested, serve objections, or timely file a motion to quash or modify the subpoena.

2

Fed. R. Civ. P. 45(c)(2)(B), (c)(3); *see also In re Subpoena to Robert Kochan*, No. 5:07-MC-44-BR, 2007 WL 4208555, at *4 (E.D.N.C. 26 Nov. 2007) ("Rule 45 expressly permits a party to issue discovery subpoenas to a nonparty for documents and things in the nonparty's possession, custody, or control.") (citing Fed. R. Civ. P. 45(a)(1)(C)). "Rule 45 adopts the standard codified in Rule 26" in determining what is discoverable. *Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005).

> Rule 26 provides for a broad scope of discovery:
>
> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given a broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. 27 Sep. 2000). While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *Equal Employment Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. 13 June 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992).

Where a party timely files a motion to quash a subpoena that fails to allow a reasonable time to reply, requires disclosure of privileged or protected matter, or imposes an undue burden,

the court must quash or modify the subpoena. Fed. R. Civ. P. 45(c)(3)(A)(i), (iii), (iv); *see also Robinson v. Equifax*, No. 4:10-CV-84-BO, 2011 WL 285232, at *4 (E.D.N.C. 26 Jan. 2011); *In re Subpoena to AOL, LLC*, 550 F. Supp. 2d 606, 612 (E.D. Va. 2008) ("A subpoena imposes an undue burden when a subpoena is overbroad."). In addition, the court may quash a subpoena if it, among other things, compels disclosure of a trade secret or requires a nonparty to incur substantial expense. Fed. R. Civ. P. 45(c)(3)(B)(i), (iii); *see also Sec. & Exchange Comm. v. White*, No. 8:11-944-HMH, 2011 WL 1544202, at *2 (D. S.C. 22 Apr. 2011). Further, federal and North Carolina law provides that certain records, including those at issue here, can be obtained only by court order. *See, e.g.*, 45 C.F.R. § 164.512(e); 10A N.C. Admin. Code 69.0505; *Clark v. Tessema*, RWT-10-848, 2011 WL 337344, at *1 (D. Md. 31 Jan. 2011).

## II.    DEFENDANT'S PROPOSED SUBPOENAS

Defendant requests court approval for the issuance of subpoenas to: (1) Vance County Department of Social Services for records of plaintiff's medical benefits, Medicaid coverage, and any forms relating to plaintiff's status of health insurance (D.E. 42-2); (2) North Carolina Department of Health and Human Services, Division of Medical Assistance for records of plaintiff's medical benefits, Medicaid coverage, and any forms relating to the status of plaintiff's health insurance (D.E. 42-3); and (3) Vance Family Medicine for copies of all of plaintiff's medical records (D.E. 42-4).

### A.    Subpoena to Vance Family Medicine

Plaintiff does not object to the subpoena to Vance Family Medicine. The motion is therefore ALLOWED as to that subpoena.

The subpoena and the documents produced in response to it shall be subject to the following terms:

1. Defendant may issue its proposed subpoena to Vance County Medicine no later than 10 April 2012.

2. A copy of the subpoena shall be served on plaintiff at the time it is issued.

3. Within two days after defendant receives the documents produced in response to the subpoena, it shall serve a copy of them on plaintiff.

4. All documents produced in response to the subpoena shall be deemed "CONFIDENTIAL" within the meaning of the Joint Agreed Protective Order (D.E. 22) and shall be subject to the terms of such Order.

5. Upon receipt of the documents, defendant shall stamp each page thereof with the word "CONFIDENTIAL."

### B. Subpoenas to Vance County Department of Social Services and the North Carolina Department of Health and Human Services

Plaintiff does object to the proposed subpoenas to the Vance County Department of Social Services and the North Carolina Department of Health and Human Services. The purported basis for defendant's request for these subpoenas is its belief that while enrolled in its self-insured insurance plan, plaintiff also requested in 2009 that her healthcare expenses related to alleged carpal tunnel syndrome be billed to Medicaid instead of defendant's insurance plan. It further contends that, if true, this would constitute Medicaid fraud in violation of state and federal law and would be conduct that would have independently caused plaintiff to be discharged. (Def.'s Mem. (D.E. 43) ¶¶ 6, 8). Defendant also contends that plaintiff

affirmatively prevented defendant from being aware of her medical condition by filing her claims with Medicaid, instead of through defendant's plan. (*Id.* ¶ 9).

In response, plaintiff contends that the subpoenas request information that is unrelated to the claims or defenses in this litigation and is otherwise protected from disclosure by law. In addition, she filed an affidavit from the Director of Vance County Department of Social Services stating that plaintiff did properly notify Medicaid of her health insurance coverage and that any payments made by Medicaid on plaintiff's behalf were the result of a clerical error and not any fraud by plaintiff. (Aff. of Kay Fields (D.E. 44-1) ¶¶ 7, 8).

The court finds that the documents defendant seeks from the Vance County Department of Social Services and the North Carolina Department of Health and Human Services are relevant for purposes of discovery. Defendant pled in its answer as an affirmative defense "that, to the extent that Plaintiff engaged in conduct that, if discovered, would have caused her to be discharged or to receive any other adverse employment action, Plaintiff's claims are barred, at least in part." (Ans. § II ¶ 10). Defendant's contention that any Medicaid fraud by plaintiff would have rendered her subject to termination is a specific example of this defense.

Moreover, it appears undisputed that Medicaid did pay for medical treatment plaintiff received while she had insurance coverage through defendant. (*See* Aff. of Kay Fields ¶¶ 4, 6; Compl., *e.g.*, ¶ 17 (plaintiff employed by defendant for at least 12 months before 28 July 2009)). There accordingly is factual support for at least one aspect of the defense, and the court cannot otherwise conclude on the limited record before it that the defense is frivolous. Although Director Fields states that plaintiff committed no fraud, defendant is not required to accept that representation as conclusive of the issue and to forego discovery regarding it. Adequate

6

protection of plaintiff's privacy concerns can be provided by application of the Joint Agreed Protective Order to the documents produced in response to the subpoenas. There has been no showing that the subpoenas would be unduly burdensome.

The subpoenas to the Vance County Department of Social Services and the North Carolina Department of Health and Human Services do require one modification. The time period covered is 1 January 2008 to the present. The starting date of 1 January 2008 is reasonable. Although it starts several months prior to the date plaintiff's employment began, 28 July 2008, this period is brief and documents relevant to her subsequent employment may have been issued or submitted during this period. However, defendant has not justified extension of the covered period through the present, over two years after her termination. On the present record, the cut-off date should be no later than the end of the year in which her employment was terminated, 2009. This would allow a brief period when relevant documents post-dating her termination on 3 August 2009 may have been issued or submitted.

Defendant's motion is therefore ALLOWED with respect to the subpoenas to the Vance County Department of Social Services and the North Carolina Department of Health and Human Services. Those subpoenas and the documents produced in response to them shall be subject to the following terms:

1. The subpoenas shall be modified to cover documents for the period 1 January 2008 to a date no later than 31 December 2009.

2. Defendant may issue these subpoenas no later than 10 April 2012.

3. The documents produced pursuant to the subpoenas shall be subject to the terms set forth in paragraphs 2 to 5 of section II.A. above.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that defendant's motion for the issuance of subpoenas duces tecum (D.E. 42) is ALLOWED and defendant may serve the proposed subpoenas on the terms set forth above.

SO ORDERED, this the 2nd day of April 2012.

James E. Gates
United States Magistrate Judge

8